UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DAVONN JOHN NEWTON, | No. 2:14-cv-2049-EFB P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLD, Warden, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.[1]  He has paid the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to summarily dismiss the petition on the merits when no claim for relief is stated"). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own motion under Rule 4. However, the court should not dismiss a petition without leave to amend

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971). For the reasons explained below, the petition is dismissed, without leave to amend, on the ground that the claims raised therein are neither cognizable nor exhausted.[2]

Petitioner claims that he has accumulated nine rule violation reports and eleven custodial counseling reports since being incarcerated. He seeks habeas relief to have his disciplinary record expunged because the Board of Parole Hearings repeatedly cites his institutional behavior as a reason to deny him parole. Petitioner claims that he received a rules violation report after his last parole suitability hearing in 2013. He fears that this disciplinary infraction will prevent him from advancing the hearing date for his next parole suitability hearing, which is not set to occur until the year 2020. He argues that if the Board were to exclude his institutional behavior in considering him for parole, it is more likely that he would be found suitable, thereby affecting the duration of his confinement. He also complains that his disciplinary record will "come back to haunt" him at future hearings and will make it "very hard" to get out of prison.

The fact that the Board has and will consider petitioner's disciplinary record in determining his suitability for parole is not a proper basis for federal habeas relief. As petitioner acknowledges throughout his petition, institutional behavior is an appropriate factor for the Board to consider in determining an inmate's suitability for parole. *See* Cal. Code Regs. tit. 15, § 2402(c)(6) (listing "serious misconduct in prison or jail" as "circumstance tending to show unsuitability"). Thus, it is entirely proper for the Board to consider petitioner's pattern of misconduct in determining whether he is suitable for parole. "Habeas relief is appropriate if, and only if, the adverse disciplinary finding — the decision with nexus to the duration of petitioner's confinement, and thus the only decision reviewable in habeas — is itself constitutionally infirm." *Alcala v. Martel*, No. 2:10-cv-3448-KJM-AC, 2014 U.S. Dist. LEXIS 145515, at *16 (E.D. Cal. Oct. 9, 2014). Petitioner does not claim that any of his nine rule violation reports and eleven custodial counseling reports is constitutionally infirm, and thus, fails to state a cognizable claim

---

[2] The court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

1  for federal habeas relief.  *See* 28 U.S.C. § 2254 (habeas corpus available for violations of the
2  Constitution or federal law.)

3  Petitioner also claims that he was "not required to exhaust the claims raised" in his
4  petition and that he "is eligible to file . . . in the United States District Court which is the only
5  available corrective process open to [him]." ECF No. 1 at 3.  Petitioner is mistaken.

6  A district court may not grant a petition for a writ of habeas corpus unless "the applicant
7  has exhausted the remedies available in the courts of the State," or unless there is no State
8  corrective process or "circumstances exist that render such process ineffective to protect the rights
9  of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by
10 presenting the "substance of his federal habeas corpus claim" to the state courts.  *Picard v.*
11 *Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).  For a
12 California prisoner to exhaust, he must present his claims to the California Supreme Court on
13 appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.  *See*
14 *Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure);
15 *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on
16 appeal to California Supreme Court in a petition for review).  Unless the respondent specifically
17 consents to the court entertaining unexhausted claims, a petition containing such claims must be
18 dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.

19 Here, petitioner concedes he has not exhausted his claim and does not purport to have
20 obtained from the respondent an express waiver of the exhaustion requirement.  Thus, petitioner
21 has failed to exhaust state court remedies, as the California Supreme Court has not yet had the
22 opportunity to resolve petitioner's claim on its merits.  *See Greene v. Lambert*, 288 F.3d 1081,
23 1086 (9th Cir. 2002).  This action must therefore be summarily dismissed.

24 Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without leave to
25 amend and the court declines to issue a certificate of appealability.

26 DATED:  April 27, 2015.

27

28                                                  EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE